## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAWN A. GRAVES | : | |
| 1040 Cold Stream Circle, Apt. L | : | CIVIL ACTION |
| Emmaus, PA 18049 | : | |
| | : | NO.: |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| LEHIGH VALLEY HEALTH NETWORK, INC. | : | |
| *d/b/a* LVHN | : | **JURY TRIAL DEMANDED** |
| 1200 South Cedar Crest Blvd. | : | |
| Allentown, PA 18103 | : | |
| and | : | |
| LEHIGH VALLEY HOSPITAL, INC. | : | |
| *d/b/a* LVHN | : | |
| 2100 Mack Blvd. | : | |
| Allentown, PA 18103 | : | |
| | : | |
| Defendants. | : | |

## CIVIL ACTION COMPLAINT

Dawn A. Graves (*hereinafter* referred to as "Plaintiff," unless indicated otherwise) by and through her undersigned counsel, hereby avers as follows:

## INTRODUCTION

1.     Plaintiff has initiated this action to redress violations by Lehigh Valley Health Network, Inc. *d/b/a* LVHN and Lehigh Valley Hospital, Inc. d/b/a LVHN (*hereinafter* collectively referred to as "Defendants," unless indicated otherwise) of Title VII of the Civil Rights Act of 1964 ("Title VII" – 42 U.S.C. §§ 200d *et seq*.), Section 1981 of the Civil Rights Act of 1866 ("Section 1981" – 42 U.S.C. § 1981), and the Pennsylvania Human Relations Act ("PHRA").[1]   As a direct consequence of Defendants' unlawful actions, Plaintiff seeks damages as set forth herein.

---

[1] Plaintiff's claims under the PHRA are referenced herein for notice purposes.  She is required to wait 1 full year before initiating a lawsuit from date of dual-filing with the EEOC.  Plaintiff must however file her lawsuit in advance

## JURISDICTION AND VENUE

2.      This Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1342(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal laws.  There lies supplemental jurisdiction over Plaintiff's state-law claims because they arise out of the same common nucleus of operative facts as Plaintiff's federal claims asserted herein.

3.      This Court may properly assert personal jurisdiction over the Defendants because their contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice, satisfying the standards set forth by the United States Supreme Court in *International Shoe Co. v. Washington*, 325 U.S. 310 (1945) and its progeny.

4.      Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because Defendants are deemed to reside where they are subjected to personal jurisdiction, rendering Defendants residents of the Eastern District of Pennsylvania.

5.      Plaintiff is proceeding herein under Title VII after properly exhausting all administrative remedies with respect to such claims by timely filing a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and by filing the instant lawsuit within ninety ("90") days of receiving a notice of dismissal and/or right-to-sue letter from the EEOC.

---

of same because of the date of issuance of her federal right-to-sue-letter under Title VII.  Plaintiff's PHRA claims however will mirror identically her federal claims under Title VII.

## PARTIES

6.      The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

7.      Plaintiff is an adult individual with an address as set forth in the caption.

8.      Defendants Lehigh Valley Health Network, Inc. *d/b/a* LVHN and Lehigh Valley Hospital, Inc. *d/b/a* LVHN (*hereinafter* collectively referred to as "Defendants") are non-profit (non-stock) entities that own and operate several facilities – including but not limited to an Administrative Building located at 2100 Mack Blvd., Allentown, Pennsylvania 18103 – the physical location at which Plaintiff worked.

9.      Upon information and belief, because of their interrelation of operations, common ownership or management, centralized control of labor relations, common ownership or financial controls, and other factors, Defendants are sufficiently interrelated and integrated in their activities, labor relations, ownership and management that they may be treated as a single and/or joint employer for purposes of the instant action.

10.     At all times relevant herein, Defendants acted by and through their agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for the Defendants.

## FACTUAL BACKGROUND

11.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

12.     Plaintiff is black (African-American) female.

13.     Plaintiff was employed by Defendants in various roles in different departments for approximately 5 years, from in or about 2016 until her unlawful termination (discussed further *infra)* on or about March 15, 2021.

3

14.     Plaintiff was employed in the Prior Authorization Department, working from Defendants' Administrative Building, located at 2100 Mack Blvd., Allentown, Pennsylvania, beginning in 2018.   Plaintiff's job duties involved insurance pre-certifications and other procedures.

15.      At the time of her termination, Plaintiff was primarily supervised by Manager Pre-Certification Department, Amanda Gurgick (Caucasian – *hereinafter* "Gurgick").

16.     During her tenure with Defendants, all of Defendants' management in Plaintiff's department were Caucasian and/or non-black, and Plaintiff was one of only two minority employees on her team.

17.     Upon Plaintiff's observations and belief, Defendants' work environment has been disparate and unfairly harsh toward black and/or non-Caucasian employees.

18.     Throughout the course of Plaintiff's employment with Defendants, Plaintiff and the other minority employee (Hispanic female) were subjected to race discrimination, harassment, and disparate treatment by Defendants' non-black and/or Caucasian management.   For example, but not intended to be an exhaustive list, unlike her non-black and/or Caucasian co-workers, Gurgick:

    a.   Treated Plaintiff in a condescending and derogatory manner and regularly spoke down to her;

    b.   Overly scrutinized and criticized Plaintiff's work;

    c.   Selectively enforced policies against Plaintiff and her Hispanic co-worker;

    d.   Berated and or criticized Plaintiff and her Hispanic co-worker for raising concerns in a professional manner; however, at least one Caucasian employee who regularly

disrespected managers during meetings, was never disciplined or terminated for same;[2] and

e. Unfairly disciplined and/or terminated minority employees, including Plaintiff and her Hispanic co-worker, for conduct that Caucasian employees were not terminated and/or barely issued counseling for.

19. After observing and/or being subjected to the aforesaid instances of race discrimination and disparate treatment for months, Plaintiff was abruptly terminated on or about March 15, 2021, for pretextual reasons – allegedly "falsification of time records."

20. Defendants' purported reason for Plaintiff's termination, however, is completely pretextual because: (1) Plaintiff did not "falsify" her time records with her employer, she simply adjusted her clock-in time on March 1, 2021, to account for going back home to gather her work badge, informing Gurgick that she would use that time as her break and would not take one later; (2) when Gurgick advised Plaintiff to change her clock-in time to reflect her later arrival at work, Plaintiff did so, and her time sheet was correctly and accurately submitted thereafter; (3) nevertheless, Plaintiff was abruptly terminated despite having submitted an accurate time sheet for March 1, 2021, and working her full 8 hours that day; and (4) upon Plaintiff's information and belief, just a few months prior to her termination, at least two different Caucasian employees had been willfully violating Defendants' policies regarding accurately reporting time by clocking out and continuing to work for Defendants in order to meet production quotas; however, they were only given warnings (with one being placed on a Performance Improvement Plan) but were not terminated, even though they had engaged in falsifying time records on multiple occasions for several months.

---

[2] Upon Plaintiff's information and belief, her Hispanic co-worker was unfairly terminated in or about 2020 for constructively speaking to management about her concerns, while the belligerent and disrespectful Caucasian employee was retained and continues to work for Defendants.

21.    Plaintiff believes and therefore avers that she was subjected to a hostile work environment and terminated because of her race.

**COUNT I**
<u>**Violation of Title VII of the Civil Rights Act of 1964 ("Title VII")**</u>
**([1] Race Discrimination and [2] Hostile Work Environment)**

22.    The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

23.    During Plaintiff's employment with Defendants, she was subjected to discrimination and a hostile work environment through disparate treatment and demeaning and/derogatory treatment because of her race.

24.    On or about March 15, 2021, Plaintiff was abruptly terminated for pretextual reasons.

25.    Plaintiff believes and therefore avers that she was subjected to a hostile work environment and terminated from her employment with Defendants because of her race.

26.    These actions as aforesaid constitute unlawful discrimination and a hostile work environment under Title VII.

**COUNT II**
<u>**Violations of 42 U.S.C. Section 1981**</u>
**([1] Race Discrimination and [2] Hostile Work Environment)**

27.    The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

28.    During Plaintiff's employment with Defendants, she was subjected to discrimination and a hostile work environment through disparate treatment and demeaning and/derogatory treatment because of her race.

29.    On or about March 15, 2021, Plaintiff was abruptly terminated for pretextual reasons.

30.     Plaintiff believes and therefore avers that she was subjected to a hostile work environment and terminated from her employment with Defendants because of her race.

31.     These actions as aforesaid constitute unlawful discrimination and a hostile work environment under Section 1981.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A.     Defendants are to promulgate and adhere to a policy prohibiting discrimination in the future against any employee(s);

B.     Defendants are to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendants' illegal actions, including but not limited to back pay, front pay, salary pay increases, bonuses, insurance, benefits, training, promotions, reinstatement and seniority;

C.     Plaintiff is to be awarded punitive damages, as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendants for their willful, deliberate, malicious and outrageous conduct and to deter Defendants or other employers from engaging in such misconduct in the future;

D.     Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper, and appropriate (including but not limited to damages for emotional distress, pain, suffering and humiliation); and

E.     Plaintiff is to be awarded the costs and expenses of this action and reasonable attorney's fees as provided by applicable federal and state law.

F.     Plaintiff is to be awarded any and all statutory enhancements available as a matter of law.

G.     Plaintiff demands trial by jury on all issues so triable consistent with Fed. R. Civ. P. 38(a)(1).

7

Respectfully submitted,

**KARPF, KARPF & CERUTTI P.C.**

By: _____

Ari Karpf, Esq.
3331 Street Rd.
Two Greenwood Square, Suite 128
Bensalem, PA 19020
(215) 639- 0801

Dated: September 21, 2021

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Dawn A. Graves | : | CIVIL ACTION |
| v. | : | |
| Lehigh Valley Health Network, Inc. d/b/a LVHN, et al. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.            ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
and Human Services denying plaintiff Social Security Benefits.            ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
exposure to asbestos.            ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
commonly referred to as complex and that need special or intense management by
the court.  (See reverse side of this form for a detailed explanation of special
management cases.)            ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.      (X )

| | | |
|---|---|---|
| 9/21/2021 | | Plaintiff |
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 639-0801 | (215) 639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 1040 Cold Stream Circle, Apt L, Emmaus, PA 18049

Address of Defendant: 1200 South Cedar Crest Blvd., Allentown, PA 18103; 2100 Mack Blvd., Allentown, PA 18103

Place of Accident, Incident or Transaction: Defendants place of business

---

**RELATED CASE, IF ANY:**

Case Number: _____   Judge: _____   Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes ☐   No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes ☐   No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes ☐   No ☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes ☐   No ☒

I certify that, to my knowledge, the within case ☐ is / ☒ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 9/21/2021   _____   ARK2484 / 91538
   *Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.** *Federal Question Cases:*

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Patent
☐ 6. Labor-Management Relations
☒ 7. Civil Rights
☐ 8. Habeas Corpus
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☐ 11. All other Federal Question Cases
   *(Please specify):* _____

**B.** *Diversity Jurisdiction Cases:*

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify):* _____
☐ 7. Products Liability
☐ 8. Products Liability – Asbestos
☐ 9. All other Diversity Cases
   *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, Ari R. Karpf , counsel of record *or* pro se plaintiff, do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, § 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: 9/21/2021   _____   ARK2484 / 91538
   *Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

JS 44   (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law,  except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a)  PLAINTIFFS | DEFENDANTS |
|---|---|
| GRAVES, DAWN A. | LEHIGH VALLEY HEALTH NETWORK, INC. D/B/A LVHN, ET AL. |

| (b)   County of Residence of First Listed Plaintiff  Lehigh | County of Residence of First Listed Defendant  Lehigh |
|---|---|
| *(EXCEPT IN U.S. PLAINTIFF CASES)* | *(IN U.S. PLAINTIFF CASES ONLY)* |
| | NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED. |

| (c)   Attorneys *(Firm Name, Address, and Telephone Number)* | Attorneys *(If Known)* |
|---|---|
| Karpf, Karpf & Cerutti, P.C.; 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, PA 19020; (215) 639-0801; akarpf@karpf-law.com | |

## II.  BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

1 ☐ U.S. Government Plaintiff

**X** 3 ☐ Federal Question
*(U.S. Government Not a Party)*

2 ☐ U.S. Government Defendant

4 ☐ Diversity
*(Indicate Citizenship of Parties in Item III)*

## III.  CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated *or* Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated *and* Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV.  NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Personal Injury - Medical Malpractice | **PERSONAL INJURY**<br>☐ 365 Personal Injury - Product Liability<br>☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br><br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 835 Patent - Abbreviated New Drug Application<br>☐ 840 Trademark | ☐ 375 False Claims Act<br>☐ 376 Qui Tam (31 USC 3729(a))<br>☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Sat TV<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts<br>☐ 893 Environmental Matters<br>☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | **LABOR** | **SOCIAL SECURITY** | |
| ☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | ☐ 440 Other Civil Rights<br>☐ 441 Voting<br>**X** 442 Employment<br>☐ 443 Housing/ Accommodations<br>☐ 445 Amer. w/Disabilities - Employment<br>☐ 446 Amer. w/Disabilities - Other<br>☐ 448 Education | **Habeas Corpus:**<br>☐ 463 Alien Detainee<br>☐ 510 Motions to Vacate Sentence<br>☐ 530 General<br>☐ 535 Death Penalty<br>**Other:**<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br>☐ 560 Civil Detainee - Conditions of Confinement | ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Management Relations<br>☐ 740 Railway Labor Act<br>☐ 751 Family and Medical Leave Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Employee Retirement Income Security Act | ☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g))<br><br>**FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration<br>☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision<br>☐ 950 Constitutionality of State Statutes |
| | | | **IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 465 Other Immigration Actions | | |

## V.  ORIGIN *(Place an "X" in One Box Only)*

**X** 1 Original Proceeding

☐ 2 Removed from State Court

☐ 3 Remanded from Appellate Court

☐ 4 Reinstated or Reopened

☐ 5 Transferred from Another District *(specify)*

☐ 6 Multidistrict Litigation - Transfer

☐ 8 Multidistrict Litigation - Direct File

## VI.  CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Title VII (42USC2000); Section 1981 (42USC1981)

Brief description of cause:
Violations of Title VII, Section 1981 and the PHRA.

## VII.  REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:

JURY DEMAND:   **X** Yes   ☐ No

## VIII.  RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE   9/21/2021

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #   _____   AMOUNT   _____   APPLYING IFP   _____   JUDGE   _____   MAG. JUDGE   _____

| Print | Save As... | Reset |